# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5034 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Rahsaan E. Edwards (#B-74338) vs. Sheriff of Cook County | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $38.11 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Lawrence Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

     The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Cook County Jail officers violated the plaintiff's constitutional rights by acting with deliberate indifference to his health and safety. More specifically, the plaintiff alleges that a jail transport bus in which he was a passenger malfunctioned and sparked flames. He further charges that, in reaction to the fire, the driver and escort officer abandoned the bus, leaving the plaintiff and fellow detainees on the smoke-filled vehicle for several minutes before firefighters arrived. The plaintiff maintains that he required medical treatment for smoke inhalation.

     The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $38.11. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

$10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint, as the complaint on file fails to state a claim against the only named defendant. The plaintiff has alleged no facts suggesting Sheriff Tom Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). If the plaintiff chooses to pursue his claims, he must submit an amended complaint naming as defendants the officers who left him on the bus.

The plaintiff is cautioned to perform some basic legal research prior to drafting his amended complaint. In *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985), a case with a very similar fact pattern, the U.S. Court of Appeals for the Seventh Circuit found that even if the defendant correctional officials acted with negligence or gross negligence in leaving prisoners on a burning bus, their conduct was not sufficiently reckless for recovery under the Civil Rights Act. Although a post-*Duckworth* case, *Farmer v. Brennan*, 511 U.S. 825 (1994), slightly modified the applicable standard, the court questions whether the plaintiff has a tenable cause of action under 42 U.S.C. § 1983.

It is well settled that the Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832–33). In order to state a Fourteenth Amendment claim, the plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.*; *see also Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008).

It will be exceedingly difficult for the plaintiff to establish the subjective prong in this case, as to prevail on a deliberate indifference claim, he will have to prove that the defendants acted with "the equivalent of criminal recklessness." *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005); *see also Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (confirming that mere or even gross negligence will not support a finding of deliberate indifference). Unfortunately, obvious security concerns would seem to militate against freeing detainees confined to pretrial custody under the circumstances described; although it is most regrettable that the inmates remained on the bus, the officers' actions do not strike the court as reflecting criminal recklessness. Consequently, the plaintiff may wish to pursue a negligence claim in state court rather than attempting to establish **(CONTINUED)**

| STATEMENT  (continued) |
|---|

a constitutional claim in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form identifying the two officers in question, if he believes he can plead and prove deliberate indifference to a substantial risk of serious harm.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court.